# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL SAPIEN LOPEZ, ) | 1:05-cv-00481-REC-TAG HC |
| ) | |
| Petitioner, ) | ORDER GRANTING MOTION FOR |
| ) | ABEYANCE AND STAY OF |
| ) | PROCEEDINGS ON PETITION FOR WRIT |
| v. ) | OF HABEAS CORPUS |
| ) | (Doc. 12) |
| ) | |
| ROSEANNE CAMPBELL, ) | ORDER FOR PETITIONER TO FILE |
| ) | STATUS REPORTS |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 11, 2005, Petitioner filed this federal habeas petition, including eight grounds for relief that challenge his convictions for multiple violations of California's Penal Code and Health & Safety Code, as well as the resulting sentence of 201 years, eight months. (Doc. 1). On August 17, 2005, Petitioner filed the instant motion for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust a "newly discovered" claim for ineffective assistance of counsel in state court. (Doc. 12). A cursory review of the California Supreme Court's docketing information indicates that Petitioner filed a habeas corpus petition in that court on August 19, 2005 in case number S136540.

## **DISCUSSION**

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002

(1997).  However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11.  Granting a stay is appropriate where there is no intention on the part of the petitioner to delay or harass and in order to avoid piecemeal litigation.  Id.  In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies.  Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss "mixed" petitions containing both exhausted and unexhausted claims.  Rose v. Lundy, 455 U.S. 509 (1982).  However, on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 125 S.Ct. 1528 (2005).  Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions.  Rhines, 125 S.Ct. at 1533-1534.  In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Rhines, 125 S.Ct. at 1535.  When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions.  Id.

///

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Here, Petitioner has filed a petition that appears to contain only exhausted claims. However, Petitioner is concurrently pursuing state habeas remedies in an effort to exhaust an additional claim of ineffective assistance of counsel which he hopes to include in an amended petition in this Court. (Doc. 12). As mentioned above, it appears that Petitioner's habeas petition in the California Supreme Court is pending. Respondent has, as yet, not been ordered to file a response.

From the foregoing, it appears to the Court that Petitioner is attempting to exhaust his "newly discovered" claim in a timely and expeditious manner and there is no indication that, in seeking this stay and abeyance, Petitioner intends to harass or delay the proceedings, nor does it appear that Petitioner is engaging in dilatory conduct. Although the Court is not prepared at this time to make an assessment of the merits of the claims currently contained within the Petition, a preliminary review of the Petition indicates that Petitioner has alleged violations of federal constitutional law that, if established, would entitle Petitioner to habeas relief. Moreover, it appears that Petitioner is proceeding in good faith and that no prejudice would inure to the parties by granting the requested stay.[2]

Therefore, good cause having been presented and good cause appearing therefore, the Court will grant Petitioner's motion for a stay of the proceedings and will hold the petition for writ of habeas corpus in abeyance pending exhaustion of Petitioner's state remedies.

However, the Court will not indefinitely hold the petition in abeyance. See Taylor, 134 F.3d at 988 n. 11. No later than thirty (30) days after the date of service of this Order Petitioner must inform the Court of the status of the habeas proceedings in state court, including the dates his cases

---

[2] The Court is aware that the one-year statute of limitations contained in 28 U.S.C. § 2244(d)(1) is a potential issue in this case. Indeed, Petitioner has filed a "Notice and Explanation of Late Filing" (Doc. 3), as well as a motion requesting equitable tolling to bring the Petition within the one-year filing deadline. (Doc. 4). For purposes of ruling on this motion for stay of proceedings, the Court takes no position regarding whether Petitioner has complied with the one-year limitations period or whether equitable tolling is appropriate in this case. The record presently contains insufficient information for the Court to make such determinations. However, the Court will permit Petitioner to exhaust his state court remedies and to amend the Petition to include his newly exhausted claim before requiring Respondent to file a reply. In lieu of her reply, Respondent will have the opportunity to raise the statute of limitations as a defense and to supply the Court with documentation supporting such a defense. At that point, the Court will be in a position to make a determination regarding whether the Petition is in fact timely.

were filed, the case numbers, and any outcomes.[3] Further, Petitioner must proceed diligently to pursue his state court remedies, and every sixty (60) days after the filing of the initial status report Petitioner must file a *new* status report regarding the status of his state court habeas corpus proceedings. Following final action by the state courts, Petitioner will be allowed thirty (30) days within which to file a motion for leave to amend the instant petition to include the newly exhausted claims. Failure to comply with these instructions and time allowances will result in this Court vacating the stay *nunc pro tunc* to the date of this order. Kelly, 315 F.3d at 1071.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to stay the instant proceedings on his habeas petition (Doc. 12), is GRANTED;

2. Proceedings on the instant petition are STAYED pending exhaustion of Petitioner's state remedies;

3. Petitioner is DIRECTED to file a status report within thirty (30) days of the date of service of this order, advising the Court of the status of all pending habeas proceedings filed in state court, the dates when such cases were filed, and any outcomes;

4. Petitioner is DIRECTED to file a new status report every sixty (60) days after the filing of the initial status report; and

5. Petitioner is GRANTED thirty (30) days following the final order of the state courts within which to file a motion for leave to amend the petition to include the newly exhausted claims.

IT IS SO ORDERED.

**Dated:   December 29, 2005**          /s/ Theresa A. Goldner
j6eb3d                                                    UNITED STATES MAGISTRATE JUDGE

---

[3]The filing should be entitled "Status Report."