UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL SAPIEN LOPEZ, SR., | ) | 1:05-cv-00481-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | ABEYANCE AND STAY OF |
| | ) | PROCEEDINGS ON PETITION FOR WRIT |
| v. | ) | OF HABEAS CORPUS |
| | ) | (Doc. 27) |
| | ) | |
| ROSEANNE CAMPBELL, | ) | ORDER LIFTING STAY OF |
| | ) | DECEMBER 29, 2005 (Doc. 13) |
| Respondent. | ) | |
| | ) | ORDER FOR PETITIONER TO FILE |
| | ) | AMENDED PETITION WITH NEWLY |
| | | EXHAUSTED CLAIM WITHIN THIRTY |
| | | DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 11, 2005, Petitioner filed this federal habeas petition, including eight grounds for relief that challenge his convictions for multiple violations of California's Penal Code and Health & Safety Code, as well as the resulting sentence of 201 years, eight months. (Doc. 1). On August 17, 2005, Petitioner filed a motion for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust a "newly discovered" claim for ineffective assistance of counsel in state court. (Doc. 12). The Court granted that motion on December 29, 2005. (Doc. 13). Thereafter, Petitioner regularly filed Status Reports until March 30, 2007, when he advised the Court that the California Supreme Court had denied his petition and that his claim of ineffective assistance of counsel was fully exhausted in state court. (Doc. 26).

That same date, Petitioner filed a second motion for stay, indicating that he wished to exhaust a claim in state court related to the United States Supreme Court's decision in California v. Cunningham, ___ U.S. __, 127 S.Ct. 856 (2007). (Doc. 27). For the reasons set forth below, the Court will deny Petitioner's motion to stay proceedings while he exhausts the Cunningham claim and, since his other claim has been fully exhausted, will lift the stay and order Petitioner to file an amended petition containing the newly exhausted claim of ineffective assistance of counsel.

## DISCUSSION

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits. Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir. 1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11. Granting a stay is appropriate where there is no intention on the part of the Petitioner to delay or harass and in order to avoid piecemeal litigation. Id. In addition, the Ninth Circuit has indicated that it is proper for a district court, in its discretion, to hold a petition containing only exhausted claims in abeyance in order to permit the petitioner to return to state court to exhaust his state remedies. Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004), overruled in part by Robbins v. Carey, 481 F.3d 1143, 114801149 (9th Cir. 2007)(overruling Kelly as to whether a district court is required sua sponte to consider whether to stay and abey a "mixed" habeas petition containing both exhausted and unexhausted claims); Ford v. Hubbard, 305 F.3d 875, 882-883 (9th Cir. 2002); James v. Pliler, 269 F.3d 1124, 1126-1127 (9th Cir. 2002); Taylor, 134 F.3d 981.

Notwithstanding the foregoing, until recently, federal case law continued to require that the Court dismiss mixed habeas petitions. Rose v. Lundy, 455 U.S. 509 (1982). However, in on March 30, 2005, the United States Supreme Court decided Rhines v. Weber, 544 U.S. 269 (2005). Recognizing that "[a]s a result of the interplay between AEDPA's 1-year statute of limitations[1] and

---

[1]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA), 28 U.S.C. § 1244(d).

Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims," the Supreme Court held that federal courts may now issue "stay and abey" orders under appropriate circumstances to permit petitioners to exhaust unexhausted claims before proceeding with their federal petitions. Rhines, 544 U.S. at 275-276. In so holding, the Supreme Court noted that, while the procedure should be "available only in limited circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278. When a petitioner has met these requirements, his interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions. Id.

Here, Petitioner filed a petition that contains only exhausted claims. However, after seeking leave of Court to stay proceedings to exhaust a claim of ineffective assistance of counsel, Petitioner recently completed the process of exhausting that claim in state court. The Court's prior order granting a stay of proceedings contemplated that when this event occurred, Petitioner would file an amended petition within thirty days that included the newly exhausted claim and that thereafter the case would proceed forward. (Doc. 13).

However, Petitioner has now filed a second stay request, this time indicating his intent to exhaust a "new" claim based on Cunningham. (Doc. 27). In that case, the United States Supreme Court invalidated California's determinate sentencing law to the extent that it violated the Court's prior rulings that the Federal Constitution's jury-trial guarantee "proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant." Cunningham, 127 S.Ct. at 860, citing Apprendi v. New Jersey, 530 U.S. 466 (2000); Ring v. Arizona, 536 U.S. 584 (2002); Blakely v. Washington, 542 U.S. 296 (2004); and United States v. Booker, 543 U.S. 220 (2005). Thus, while Petitioner contends in his motion for stay that the Cunningham decision articulated a "newly created right" (Doc. 27, p. 2), the claim he wishes to raise pursuant to Cunningham is in fact ultimately derived from the Supreme Court's earlier holding in Apprendi. Although the Cunningham decision

may be characterized as "new" in the sense that it was decided recently, it is in fact based squarely upon Apprendi, which was decided on June 26, 2000, two months after Petitioner was convicted on April 12, 2000, but several years *before* Petitioner's original direct state appeals were concluded on November 24, 2003. Certainly, the principle established by Apprendi and subsequent cases was well-established by the time Petitioner filed the instant habeas petition on April 11, 2005.

From the foregoing, it does not appear to the Court that Petitioner is attempting to exhaust his "newly discovered" claim in a timely and expeditious manner. To the contrary, this particular issue was first highlighted in 2000 in Apprendi and reaffirmed almost annually by the Supreme Court in the cases cited above. Indeed, there is virtually a direct line connecting those cases that points to the decision in Cunningham, which was widely anticipated by legal scholars familiar with the Apprendi line of cases. As such, Petitioner cannot credibly maintain, as he does in his motion for stay, that this is a "newly created" right or that the claim could not have been raised previously. Accordingly, the Court finds that this motion for stay and abeyance has not been supported by good cause and should be denied. Rhines, 544 U.S. at 278.

Moreover, although the Court is not prepared at this time to make an assessment of the merits of the claims currently contained within the petition, it clearly appears that raising a new claim regarding Cunningham would be futile because neither Apprendi nor its progeny have been given retrospective effect in collateral proceedings. Harris v. United States, 536 U.S. 545, 581 (2002) ["No Court of Appeals, let alone this Court, has held that Apprendi has retroactive effect." (quoting Thomas, J. dissenting)]; United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.2002) (the ruling in Apprendi does not apply retroactively to initial petitions for collateral review); Humphress v. United States, 398 F.3d 855, 860 (6th Cir.2005) (Booker is not retroactive); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir.2005) (same); United States v. Price, 400 F.3d 844, 845 (10th Cir.2005) (same); Varela v. United States, 400 F.3d 864, 868 (11th Cir.2005) (per curiam) (same); Guzman v. United States, 404 F.3d 139, 144 (2nd Cir.2005) (same). No court has yet given Cunningham such effect in collateral proceedings. In other words, Apprendi, Booker, Blakely, Ring, and Cunningham are simply unavailable to petitioners in federal habeas proceedings under present United States Supreme Court jurisprudence.

While it does not appear to the Court that Petitioner is acting in actual bad faith by seeking a second stay, having already permitted Petitioner a delay of almost one and one-half years to exhaust his other claim, the Court sees no legitimate reason to continue to delay the proceedings, especially in light of the foregoing discussion of Cunningham.

Therefore, the Court finds that because Petitioner has not established good cause for his motion to stay proceedings, the Court will deny the motion. Because Petitioner has indicated that his ineffective assistance claim is fully exhausted, the Court will, accordingly, lift the abeyance staying the proceedings and by this order grant Petitioner thirty days in which to file a completed amended petition, including the newly exhausted claim. Petitioner is advised that because an amended pleading supersedes the original pleading, an amended pleading must be complete in itself without reference to any prior pleading. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967); E.D. Cal. R. 15-220.

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1. The abeyance issued on December 29, 2005 staying the proceedings (Doc. 13), is LIFTED;
2. Within thirty (30) days from the date of service of this order Petitioner shall file a completed amended petition which includes the newly exhausted claim; and,
3. Petitioner's motion for stay filed March 30, 2007 (Doc. 27), is DENIED .

**Failure to comply with this order will result in a recommendation that the action be dismissed for failure to comply with a court order. E.D. Cal. R. 11-110**.

IT IS SO ORDERED.

Dated: **August 30, 2007**   /s/ Theresa A. Goldner
UNITED STATES MAGISTRATE JUDGE