UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL SAPIEN LOPEZ, SR., | ) | 1:05-cv-00481-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING AS PREMATURE |
| | ) | PETITIONER'S MOTION FOR EQUITABLE |
| | ) | TOLLING EXTENSION |
| v. | ) | (Doc. 4) |
| | ) | |
| ROSEANNE CAMPBELL, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 11, 2005, Petitioner filed this federal habeas petition, including eight grounds for relief that challenge his convictions for multiple violations of California's Penal Code and Health & Safety Code, as well as the resulting sentence of 201 years, eight months. (Doc. 1). April 11, 2005, Petitioner filed a notice and explanation regarding why his federal petition was filed beyond the one-year statute of limitations for filing federal petitions. (Doc. 3). That same date, Petitioner filed a motion for equitable tolling in order to toll the statute of limitations and permit his petition to be deemed timely. (Doc. 4). The Court did not rule on Petitioner's motion at that time since it had not conducted a preliminary review of the petition.

On August 17, 2005, Petitioner filed a motion for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust a "newly discovered" claim for ineffective assistance of counsel in state court. (Doc. 12). The Court granted that motion on December 29, 2005. (Doc. 13). Thereafter, Petitioner regularly filed Status Reports until March 30, 2007, when he

advised the Court that the California Supreme Court had denied his petition and that his claim of ineffective assistance of counsel was fully exhausted in state court. (Doc. 26).

That same date, Petitioner filed a second motion for stay, indicating that he wished to exhaust a claim in state court related to the United States Supreme Court's decision in California v. Cunningham, __U.S.__, 127 S.Ct. 856 (2007). (Doc. 27). On August 30, 2007, the Court denied Petitioner's motion to stay proceedings while he exhausts the Cunningham claim and, since his other claim had been fully exhausted, lifted the stay and ordered Petitioner to file an amended petition containing the newly exhausted claim of ineffective assistance of counsel. (Doc. 30).

**DISCUSSION**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA), which imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997). The original petition in this case was filed on January 12, 2005 (Doc. 1) and thus is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

///

///

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In this case, the petition for review was denied by the California Supreme Court on November 24, 2003. Thus, direct review would conclude on February 22, 2004, when the ninety-day period for seeking review in the United States Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). The one-year period would commence the following day, February 23, 2004, and Petitioner would have until February 23, 2005, absent applicable statutory or equitable tolling, within which to file his federal petition for writ of habeas corpus. The petition was filed on April 11, 2005, some six weeks after the AEDPA one-year period had expired. Thus, it does appear that the petition is untimely.

Petitioner asserts no statutory tolling and has indicated that he never filed a state habeas petition in this case that would entitled him to statutory tolling. However, Petitioner has requested that this Court afford him equitable tolling based on his representation that the day after he gave the prison law library the original petition to be copied, he was transferred to another facility and did not receive his petition from his former prison until January 13, 2005. (Doc. 3, p. 1). Petitioner apparently believed that the deadline had expired at that point, so he hired an attorney to file the petition for him, but claims that the attorney defrauded him, kept his money, and did not file the petition. (Id. at p. 2).

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998)(citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996)), abrogated on other grounds, Woodford v. Garceau, 538 U.S. 202, 123 S. Ct. 1398 (2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002)(quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). In Allen v. Lewis, 255 F.3d 798, 801 (9th Cir. 2001), the Ninth Circuit concluded that the petitioner "must show that the 'extraordinary circumstances' were the but-for and

proximate cause of his untimeliness." Recently, the Ninth Circuit reaffirmed this rule in <u>Espinoza-Matthews v. California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005). In that case, the Ninth Circuit pointed out that the determination vis-a-vis equitable tolling is "highly fact-dependent" and that the petitioner "bears the burden of showing that equitable tolling is appropriate." <u>Id.</u>

At the same time, the Ninth Circuit noted that the United States Supreme Court's decision in <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005), in which the equitable tolling standard was framed "in less absolute terms":

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.

<u>Espinoza v. Matthews</u>, 432 F.3d at 1026 at n.5, quoting <u>Pace</u>, 125 S. Ct. at 1814. The Ninth Circuit declined to decide whether <u>Pace</u> had "lowered the bar somewhat" because it concluded that petitioner had met the "more demanding" articulation found in Ninth Circuit case-law. <u>Id.</u> at 1027.

Although the test for justifying equitable tolling is understandably a difficult one for a petitioner to meet, a federal habeas court cannot make such a determination without having before it all of the pertinent facts. At this point in the proceedings, however, the Court is not in a position to grant Petitioner's motion for equitable tolling. First, the Court has just ordered Petitioner to file an amended petition raising the newly exhausted claim along with his original claims (Doc. 30), and it would be advisable for the Court to refrain from deciding the equitable tolling issue until the operative amended pleading has been filed and the Court has had the opportunity to conduct a preliminary review of the amended petition. Once the Court has conducted such a review, the Court may either issue an Order to Show Cause why the amended petition should not be dismissed for a violation of the AEDPA's one-year statute of limitations or, alternatively, the Court may order Respondent to file a response. Such a response may include a motion to dismiss the petition as untimely. In either event, the Court will afford Petitioner ample opportunity to develop the facts relating to his assertion of equitable tolling. However, at the present time, such a motion is premature.

///

///

1 Accordingly, the Court HEREBY ORDERS that Petitioner's Motion for Equitable Tolling
2 Extension (Doc. 4) is DENIED without prejudice as PREMATURE. Petitioner may re-assert his
3 claim of entitlement to equitable tolling at the appropriate time following the Court's review of the
4 amended petition.

IT IS SO ORDERED.

Dated: **August 30, 2007**  /s/ Theresa A. Goldner
UNITED STATES MAGISTRATE JUDGE