UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL SAPIEN LOPEZ, | ) | 1:05-cv-00481-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION TO AMEND |
| | ) | PETITION FOR WRIT OF HABEAS |
| | ) | CORPUS |
| v. | ) | (Doc. 45) |
| | ) | |
| | ) | ORDER GRANTING IN PART AND |
| ROSEANNE CAMPBELL, | ) | DENYING IN PART PETITIONER'S |
| | ) | MOTION FOR EXTENSION OF TIME TO |
| Respondent. | ) | FILE TRAVERSE (Doc. 48) |
| | ) | |
| | | ORDER REQUIRING TRAVERSE TO BE FILED WITHIN TWENTY DAYS |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 11, 2005, Petitioner filed this federal habeas petition, including eight grounds for relief that challenge his convictions for multiple violations of California's Penal Code and Health & Safety Code, as well as the resulting sentence of 201 years, eight months. (Doc. 1). On August 17, 2005, Petitioner filed a motion for an abeyance, requesting that this Court stay proceedings on the petition to permit Petitioner to exhaust a "newly discovered" claim for ineffective assistance of counsel in state court. (Doc. 12). The Court granted that motion on December 29, 2005. (Doc. 13). Thereafter, Petitioner regularly filed Status Reports until March 30, 2007, when he advised the Court that the California Supreme Court had denied his petition and that his claim of ineffective assistance

of counsel was fully exhausted in state court. (Doc. 26).

That same date, Petitioner filed a second motion for stay, indicating that he wished to exhaust a claim in state court related to the United States Supreme Court's decision in <u>California v. Cunningham</u>, __U.S.__, 127 S.Ct. 856 (2007). (Doc. 27). On August 30, 2007, the Court denied the motion, lifted the stay, and ordered Petitioner to file an amended petition with the newly exhausted claim. (Doc. 30). On September 21, 2007, Petitioner filed his amended petition, which included the newly exhausted claim of ineffective assistance of trial counsel. (Doc. 32).

On November 19, 2007, the Court ordered Respondent to file an answer (Doc. 35), and on March 7, 2008, Respondent filed the answer. (Doc. 42). On March 21, 2008, Petitioner filed the instant motion to amend the first amended petition by adding what appears to be a claim of ineffective assistance of trial counsel identical to the one already raised in the amended petition. (Doc. 45). Subsequently, on April 25, 2008, Petitioner also requested an extension of time to file his Traverse. (Doc. 48).

## DISCUSSION

A petitioner may amend a petition for writ of habeas corpus once "as a matter of course," and without leave of Court, before a response has been filed under Federal Rule of Civil Procedure 15(a), as applied to habeas corpus actions pursuant to 28 U.S.C. § 2242 and Rule 11 of the Rules Governing Section 2254 Cases. <u>Calderon v. United States District Court (Thomas)</u>, 144 F.3d 618, 620 (9th Cir. 1998); <u>Bonin v. Calderon</u>, 59 F.3d 815, 845 (9th Cir. 1995). Leave of Court is required for all other amendments. Rule Civ. P. 15(a); <u>see</u> <u>also</u> <u>Anthony v. Cambra</u>, 236 F.3d 568, 577 (9th Cir. 2000). In deciding whether to allow an amendment, the Court may consider "bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." <u>Bonin</u>, 59 F.3d at 844-845 (applying Rule 15(a) in a habeas case).

Here, a responsive pleading was filed on March 7, 2008,[1] before Petitioner filed his motion to amend; hence, an amended petition may only be filed with leave of this Court. Rule Civ. P. 15(a).

---

[1] The motion is dated March 9, 2008. Thus, even under the "mailbox rule," a responsive pleading had been filed before Petitioner handed the instant motion to prison officials.

| | |
|---|---|
| 1 | Normally, the Court would then turn to an analysis of the factors listed in <u>Bonin</u> to determine |
| 2 | whether Petitioner's motion should be granted. However, it appears that the motion to amend seeks |
| 3 | to add a claim of ineffective assistance of trial counsel based on various perceived defects in |
| 4 | counsel's representation of Petitioner at trial. These appear to be identical to the claims already |
| 5 | made by Petitioner in the amended petition and responded to by Respondent in the answer. In other |
| 6 | words, the proffered amendment is entirely redundant to claims already raised and addressed. |
| 7 | Accordingly, the Court requires no further analysis under <u>Bonin</u> to conclude that the motion to |
| 8 | amend should be denied as duplicative and redundant. |

Petitioner has also requested an extension of time of thirty days within which to file what he characterizes as his "objections" to Respondent's answer. (Doc. 48). By "objections," the Court assumes Petitioner wishes to file a traverse, since there are no Findings and Recommendations pending at the present time to which objections may be made. Accordingly, the Court will grant the motion for an extension of time to file the traverse.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to amend the first amended petition (Doc. 45), is DENIED;
2. Petitioner's motion for an extension of time to file his Traverse (Doc. 48), is GRANTED in part and DENIED in part. Petitioner is granted twenty (20) days from the date of service of this order within which to file his traverse.

IT IS SO ORDERED.

Dated:  **May 13, 2008**                    **/s/ Theresa A. Goldner**
                                             UNITED STATES MAGISTRATE JUDGE